UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERIC S. CLARK,

          Plaintiff,          Case No. 1:08-cv-810

v.                                    Honorable Robert Holmes Bell

(UNKNOWN) MARSH et al.,

          Defendants.
_____/

**OPINION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and has directed Plaintiff to pay the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff Eric Clark presently is incarcerated with the Michigan Department of Corrections and housed at the Ionia Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues Corrections Officer (Unknown) Marsh, another (Unknown) Corrections Officer, an (Unknown) Sergeant, an (Unknown) Deputy Warden and an (Unknown) Warden.

According to the complaint, Plaintiff shared a cell with another prisoner, J. Crawford. At approximately 5:30 pm on January 13, 2007, prisoner Crawford told Plaintiff that he had a "nice ass." (Compl. at 2.) Plaintiff warned Crawford not to talk to him in that way. (*Id.* at 2-3.) Prisoner Crawford immediately contacted the "bubble office" for a new cellmate. (*Id.* at 3.) The office sent Officer Marsh to talk to Plaintiff and Crawford. After discussing the situation, Officer Marsh told the cellmates that he needed to talk to a Sergeant about their request. Officer Marsh ultimately denied the request. Later that night, around 11:00 pm, prisoner Crawford attempted to rape Plaintiff while he was using the bathroom. (*Id.*) When Plaintiff tried to restrain Crawford, Crawford attempted to hit him with a trash can. Plaintiff managed to gain control of the trash can and hit Crawford a couple of times. Plaintiff also pushed the emergency call button in his cell. Approximately ten minutes later, officers escorted Plaintiff to segregation. (*Id.*)

First, Plaintiff alleges that Defendants Marsh and the Sergeant violated Plaintiff's Eighth and Fourteenth Amendment rights by failing to separate Plaintiff and prisoner Crawford. Second, Plaintiff argues that the Sergeant violated Michigan Department of Corrections' policy and procedure for failing to separate Plaintiff and prisoner Crawford. Finally, Plaintiff complains that

the Warden and the Deputy Warden violated Plaintiff's rights for failing to properly train employees to ensure the safety of the inmates.

For relief, Plaintiff requests compensatory and punitive damages. (Compl. at 4.)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Respondeat Superior**

Plaintiff sues the Warden and the Deputy Warden for failing to train their employees to ensure the safety of the inmates. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly

>authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).

Plaintiff's allegations do not state a cognizable § 1983 claim against the Warden and the Deputy Warden. Plaintiff's complaint did not assert that Defendants encouraged, implicitly authorized or knowingly acquiesced in the alleged unconstitutional behavior of a subordinate. Plaintiff's allegations are based on "a mere failure to act" and do not state a claim. Therefore, the court should dismiss Plaintiff's allegations against the Warden and the Deputy Warden.

**B.     Failure to Protect**

Plaintiff alleges that Defendants failed to protect him from an attempted assault by prisoner Crawford. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

When determining whether a prison officials conduct falls below this standard, the Court employs a two prong test containing an objective and a subjective component. The objective component considers whether the alleged deprivation was sufficiently serious, whereas the subjective component examines the official's state of mind to determine whether he acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834.

With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes*, 452 U.S. at 346). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

If the objective test is satisfied, the Court must then determine whether the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the official deliberately indifferent to Plaintiff's health or safety. *Id.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that the prison official acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude that the official "was subjectively aware

of the risk and disregard [ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

Plaintiff fails to satisfy the subjective component for an Eighth Amendment violation because Defendants did not act with deliberate indifference towards his safety. Prisoner Crawford told Plaintiff that he had a "nice ass." (Compl. at 3.) After Plaintiff warned Crawford not to talk to him that way, *Crawford* immediately called the office for a new cellmate. (*Id.*) In his complaint, Plaintiff does not allege that he notified the officers of Crawford's comment or asked to move to another cell. Moreover, Plaintiff does not allege that Crawford had attempted to sexually assault him in the past or had a history of assaulting other prisoners. In light of Plaintiff's allegations, Defendants could not have known that Crawford would attempt to sexually assault Plaintiff. Even if Plaintiff had informed Officer Marsh of Crawford's comment that Plaintiff had a "nice ass," such a comment, standing alone, was not sufficient to put Officer Marsh on notice that Crawford posed a threat to Plaintiff. Thus, Plaintiff cannot show that Defendants violated his Eighth Amendment rights by failing to protect him from Crawford. *See Lewis v. McClennan,* 7 F. App'x 373, 375 (6th Cir. 2001) (Plaintiff failed to establish an Eighth Amendment claim when he only alleged a hypothetical risk of danger to his safety prior to the attack); *Ross v. Parke,* No. 88-5365, 1988 WL 104933, at *1 (6th Cir. Oct. 11, 1988) (Plaintiff did not establish a failure to protect claim under the Eighth Amendment when defendants did not know nor were they informed by plaintiff that another inmate was a potential assailant.)

Moreover, it does not appear that Plaintiff suffered any injuries as a result of Defendants' alleged failure to protect him. In his complaint, Plaintiff argues (verbatim):

> Then at 11:00 p.m. I was using the bathroom and J. Crawford tryed to rape me then I pulled a way J. Crawford then came at me aggresively then I tryed to restrain him then he tryed to hit me with the trashcan then I took it from him and hit

> him with it then he stopped strggling so I got up pressed the emergency button and sat on my bunk then J. Crawford began to get up I then told him to stay put, he did not so I hit him again then I turned back to my bunk about 10 minutes later the officers showed up and escorted me to segregation.

(Compl. at 3.)  Because Plaintiff fails to allege or show that he suffered any physical injury, his Eighth Amendment claim for damages is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).  Plaintiff therefore fails to state an Eighth Amendment claim.

### C.     Policy

Plaintiff alleges that an unknown Sergeant violated policy and procedure for failing to take any action to protect Plaintiff from his cellmate.  Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).  Section 1983 is addressed to remedy violations of federal law, not state law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.  To the extent that Plaintiff's complaint presents

allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998). This claim will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: October 22, 2008                                       /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE